IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MATTHEW WILLIAMS, Individually and**     **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.     No. 5:17-cv-5062

**P.A.M. TRANSPORT, INC.**     **DEFENDANT**

### ORIGINAL COMPLAINT—CLASS ACTION

COMES NOW Plaintiff Matthew Williams, individually and on behalf of all others similarly situated, by and through his attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint - Class Action ("Complaint") against Defendant P.A.M. Transport, Inc. ("Defendant"), does hereby allege and state as follows:

**I.     PRELIMINARY STATEMENTS**

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, and reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated minimum wages as required by the FLSA and AMWA.

2. The phrase "during the relevant time" in this Complaint means any time after three years preceding the filing of the Original Complaint in this case.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

5. This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Arkansas, providing over-the-road truck driving services within the State of Arkansas, as well as outside of the State of Arkansas.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8. Plaintiff was employed by Defendant as a truck-driver for Defendant, performing services for Defendant in the Fayetteville Division of the Western District of Arkansas.

9. The acts alleged in this Complaint had their principal effect within the Fayetteville Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

10. Plaintiff Matthew Williams is an individual and a resident and domiciliary of the State of Michigan.

11. Defendant is a for-profit corporation registered to conduct business within the State of Arkansas.

12. Defendant has designated David Cushman at Highway 412 West, Tontitown, Arkansas, to accept service on its behalf.

13. Defendant maintains a website at https://www.pamtransport.com/.

14. Defendant provides on-demand and scheduled delivery services, as both a common and contract carrier.

15. Defendant operates seven branch offices that offer on-demand and scheduled delivery throughout 48 states and service to and from Mexico.

16. Defendant maintains its seven branch offices in Arkansas, Ohio, Texas and Mexico.

17. Carrier services are integral part of Defendant's business.

### IV. FACTUAL ALLEGATIONS

**A. Coverage**

18. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

19. Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce for the benefit of Defendant.

20. Defendant's annual gross volume of sales for each of the four years preceding the filing of the Original Complaint in this case is not less than $500,000.00.

21. Defendant employed more than four employees within the State of Arkansas during each of the four years preceding the filing of the Original Complaint.

### B. Facts and Policies Relating to Truck-Drivers Generally

22. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

23. To carry out Defendant's courier/delivery services, Defendant employs more than two hundred truck-drivers.

24. Defendant classifies its truck-drivers as employees.

25. Defendant treats its truck-drivers as employees for purposes of the FLSA.

26. Defendant treats its Arkansas truck-drivers as employees for purposes of the AMWA.

27. Defendant pays truck-drivers a cents-per-mile rate.

28. Pay deductions made by Defendant routinely result in truck-drivers' pay regularly falling below the minimum wages required by the FLSA and AMWA.

### C. Effect of Defendant's Policies on Plaintiff

29. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

30. During the relevant time, Plaintiff performed truck-driver duties on Defendant's behalf from Defendant's branch in Tontitown, Arkansas.

31. Plaintiff was a truck-driver for Defendant for at least some of the time after three years preceding the filing of the Original Complaint.

32. Defendant classified, or otherwise treated, Plaintiff as an employee for purposes of the FLSA.

33. Defendant classified, and otherwise treated, Plaintiff as an employee for purposes of the AMWA.

34. Pay deductions made by Defendant routinely resulted in Plaintiff's pay regularly falling below the minimum wages required by the FLSA and AMWA.

35. At all times relevant hereto, Defendant was aware of the minimum wage requirements of the FLSA and AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

### A. <u>FLSA § 216(b) Class</u>

36. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

37. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

i. Minimum wages for the first forty (40) hours worked each week;

ii. Liquidated damages; and

iii. Costs of this action, including attorneys' fees.

38. The proposed class of opt-in Plaintiffs in this case is preliminarily defined as follows:

**Each individual who was employed as a truck-driver for Defendant any time after three years preceding the filing of the Original Complaint.**

39. The proposed FLSA class members are similarly situated in that they share these traits:

i. They performed the same or similar job duties; and

ii. They were subject to the same or similar wage withholdings; and

iii. They were regularly paid below the minimum wages required by the FLSA; and

**B. <u>AMWA Rule 23 Class</u>**

40. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

41. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42. Plaintiff proposes to represent a liability class of individuals defined as follows:

**Each individual who was employed as a truck-driver for Defendant in the State of Arkansas any time after three years preceding the filing of the Original Complaint.**

**Page 6 of 12**
**Matthew Williams, et al, v. P.A.M. Transport, Inc.**
**U.S.D.C. (W.D. Ark.) Case No. 5:17-cv-5__**
**Original Complaint—Class Action**

43. Upon information and belief, there are more than forty (40) persons in the proposed class. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

44. Common questions of law and fact relate to all of the proposed liability class members, such as these:

   i. Whether they were subject to the same or similar set of policies which resulted in wage violations; and

   ii. Whether they were regularly paid below the minimum wages required by the AMWA.

45. The above common questions of law and fact predominate over any questions affecting only Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

46. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

47. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

48. No undue or extraordinary difficulties are likely to be encountered in the management of this class action.

49. The claims of Plaintiff are typical of the claims of the proposed liability class in that Plaintiff and all others in the proposed liability class will claim that they were Defendant's employees, they were entitled to minimum wages, and that Defendant failed to pay minimum wages.

50. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

51. Plaintiff's counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one.

## VI.   FIRST CAUSE OF ACTION

### (Individual Claims for Violations of the FLSA)

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week.

45. Defendant classified Plaintiff as an employee under the FLSA.

46. The deductions made by Defendant and the costs that Plaintiff incurred caused Plaintiff's free and clear pay to fall below minimum wages.

47. Defendant's failure to pay Plaintiff all minimum wages owed to Plaintiff was willful.

48. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION

### (Individual Claim for Violations of the AMWA)

49. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

50. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

51. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week.

52. Defendant classified Plaintiff as an employee under the AMWA.

53. The deductions made by Defendant and the costs that Plaintiff incurred caused Plaintiff's free and clear pay to fall below minimum wages.

54. Defendant's failure to pay Plaintiff all minimum wages owed to Plaintiff was willful.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.   THIRD CAUSE OF ACTION

### (Collective Action Claim for Violations of the FLSA)

56. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

57. Plaintiff, on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

58. Defendant classifies its truck-drivers as employees under the FLSA.

59. The deductions made by Defendant and the costs that truck-drivers incur causes truck-drivers' free and clear pay to fall below minimum wages.

60. Defendant knew or should have known of its obligations under the FLSA to pay employees minimum wages.

61. Defendant's failure to pay truck-drivers all minimum wages owed is willful.

62. By reason of the unlawful acts alleged herein, Defendant is liable to members of the Section 216 class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## IX.   FOURTH CAUSE OF ACTION

### (Class Action Claims for Violations of the AMWA)

63. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

64. Plaintiff, on behalf of the members of the proposed Rule 23 liability class, assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

65. Defendant classifies its truck-drivers as employees under the AMWA.

66. The deductions made by Defendant and the costs that truck-drivers incur cause truck-drivers' free and clear pay to fall below minimum wages.

67. Defendant's failure to pay truck-drivers all minimum wages owed to truck-drivers is willful.

68. By reason of the unlawful acts alleged herein, Defendant is liable to truck-drivers for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Matthew Williams, individually on behalf all others similarly situated, and the members of the proposed Section 216 and Rule 23 classes, respectfully pray as follows:

A. That Defendant P.A.M. Transport, Inc., be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective and class members;

C. For an order entering judgment in favor of Plaintiff and the proposed class members against Defendant for their actual economic damages in an amount to be determined at trial;

D. For liquidated damages as provided for under the FLSA and the AMWA;

E. For reasonable attorneys' fee, costs, and pre-judgment interest; and

F. For such other and further relief as this Court deems necessary, just, and proper.

                Respectfully submitted,

                **MATTHEW WILLIAMS,**
                **Individually and on Behalf of**
                **All Others Similarly Situated,**
                **PLAINTIFF**

                SANFORD LAW FIRM, PLLC
                103 WEST PARKWAY, SUITE C
                POST OFFICE BOX 39
                RUSSELLVILLE, ARKANSAS 72811
                TELEPHONE: (479) 880-0088
                FACSIMILE: (888) 787-2040

By: /s/ Lydia H. Hamlet
      Lydia H. Hamlet
      Ark. Bar No. 2011082
      lydia@sanfordlawfirm.com

and /s/ Josh Sanford
      Josh Sanford
      Ark. Bar No. 2001037
      josh@sanfordlawfirm.com